# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM LEE GRANT, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-2967-SNLJ |
| | ) |
| U.S. DEPARTMENT OF DEFENSE, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff William Lee Grant for leave to proceed in forma pauperis in this civil action. Upon consideration of the motion and the financial information provided in support, the Court finds that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons explained below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### **Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed in forma pauperis upon the determination that, inter alia, it is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*,

490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

**The Complaint**

The instant action is similar to actions that plaintiff has filed across the country since 2017.[1] In the complaint at bar, plaintiff invokes this Court's federal question jurisdiction, and in support he writes: "What are the ramifications of the DOD keeping Mr. Grant in Illinois for nearly thirty (30) years under threat of military force?" Plaintiff states his claims arise under the Fourth, Fifth, Thirteenth and Fourteenth Amendments to the United States Constitution.

Plaintiff then sets forth pages of bare allegations in non sequitur form. By way of example, some of plaintiff's allegations are as follows. President Ronald Reagan directed the

---

[1] This case is one of three similar cases that plaintiff has filed in this Court since October. Additionally, a search of District Court cases filed by plaintiff yielded more than 130 cases, many of which were filed in Illinois, where plaintiff currently resides. *See, e.g., Grant, II v. U.S. Dept. of Defense et al.*, Case No. 3:19-cv-00979 (S.D. Ill. 2019); *Grant v. U.S. Dept. of Defense*, Case No. 3:19-cv-00332 (S.D. Ill. 2019); *Grant v. Office of the Illinois Governor*, Case No. 3:19-cv-03025 (C.D. Ill. 2019); *Grant v. U.S. Department of Defense et al.*, Case No. 3:19-cv-03020 (C.D. 2019); *Grant v. Dunford et al.*, Case No. 3:19-cv-03016 (C.D. Ill. 2019); *Grant v. Dunford et al.*, Case No. 3:19-cv-03019 (C.D. Ill. 2019); *Grant v. Mattis et al.*, Case No. 3:19-cv-03018 (C.D. Ill. 2019); *Grant v. Harris et al.*, Case No. 3:19-cv-03017 (C.D. Ill. 2019); *Grant v. Harris et al.*, Case No. 3:19-cv-03015 (C.D. Ill. 2019); *Grant v. Mattis et al.*, Case No. 3:19-cv-03014 (C.D. Ill. 2019); *Grant v. U.S. Department of Defense et al.*, Case No. 3:19-cv-03001 (C.D. 2019); *Grant v. US Department of Defense*, Case No. 3:18-cv-03189 (C.D. Ill. 2018); *Grant v. US Department of Defense*, Case No. 3:18-cv-03131 (C.D. Ill. 2019); *Grant v. US Department of Transportation et al.*, Case No. 3:18-cv-03130 (C.D. Ill. 2018); *Grant v. Office of the Illinois Governor*, Case No. 3:18-cv-03073 (C.D. Ill. 2018); *Grant v. Illinois Department of Employment Security*, Case No. 3:18-cv-03054 (C.D. Ill. 2018); *Grant v. Kabaker et al.*, Case No. 3:17-cv-03302 (C.D. Ill. 2017); *Grant v. U.S. Department of Justice*, Case No. 3:17-cv-03274 (C.D. Ill. 2017); *Grant, II v. U.S. Department of Justice*, Case No. 3:17-cv-01257 (S.D. Ill. 2017); *Grant v. Kabaker et al.*, Case No. 3:17-cv-03261 (C.D. Ill. 2017); *Grant v. Kabaker et al.*, Case No. 3:17-cv-03257 (C.D. Ill. 2017); *Grant v. Kabaker et al.*, Case No. 1:17-cv-07092 (N.D. Ill. 2017); *Grant v. Illinois Department of Employment Security;* Case No. 3:17-cv-03207 (C.D. Ill. 2017); *Grant v. State of Illinois,* Case No. 3:17-cv-03206 (C.D. Ill. 2017); *Grant v. Illinois Department of Transportation;* Case No. 3:17-cv-03203 (C.D. Ill. 2017). Plaintiff has also filed numerous similar actions in District Courts in other states, including Alaska, Alabama, California, Colorado, Delaware, Florida, Georgia, Nebraska, New York, Rhode Island, Tennessee, Texas, Utah, Virginia, Washington, West Virginia, Hawaii, Massachusetts, and the Virgin Islands.

Secretary of Defense "to create Mr. Grant to predict future nuclear strikes," "the Office of the Secretary of Defense created Mr. Grant in the basement of the Pentagon in 1990," and "the funds to create Mr. Grant came from the Strategic Defense Initiative." Plaintiff was taken to Springfield, Illinois where he was beaten and endured psychological warfare. Certain people directed plaintiff's dentists and orthodontist to drill the enamel off his teeth, and directed his optometrist to give him lenses with an incorrect prescription. Plaintiff was forced to stab someone, he was forced to "act gay" for seven years to prevent the Office of the Secretary from sending someone to rape him, and he was framed for driving under the influence. Plaintiff worked for the State of Illinois, but his employment was fraught with difficulties and ended in him being "blacklisted." He was sexually assaulted by several people at the direction of a government official. The Department of Defense hacked his computer and cellular phone, and kept him under satellite surveillance. Plaintiff also alleges a variety of celebrity and international conspiracy theories, and speculates about personal details of some public figures. He seeks $99 trillion in damages.

**Discussion**

Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible. The Court therefore concludes that the allegations are clearly baseless as defined in *Denton*. Additionally, this case appears to be part of a pattern of abusive litigation that plaintiff has recently engaged in all over the country. The Court will therefore dismiss the complaint at this time as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of November, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE